IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| COLIN DEREK GARDNER, ) | CIVIL NO. 10-00283 ACK-LEK |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SAMUEL AH LOO, L. KAUPALOLO, ) | |
| COUNTY OF MAUI, JOHN DOE 1- ) | |
| 20; JANE DOE 1-20, DOE ) | |
| CORPORATIONS 1-20, DOE ) | |
| PARTNERSHIPS 1-20, and DOE ) | |
| GOVERNMENTAL ENTITIES 1-20, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO DEMAND JURY TRIAL**

Before the Court is Defendants Samuel Ah Loo, Lance Kaupalolo, and the County of Maui's (collectively "Defendants") Motion for Leave to Demand Jury Trial ("Motion"), filed on August 27, 2010. Pro se plaintiff Colin Derek Gardner ("Plaintiff") has not responded to the Motion. On October 6, 2010, Defendants filed a further response in support of the Motion, noting the lack of opposition. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting documents, and the arguments presented at the hearing, Defendants' Motion is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

Plaintiff filed the instant action on April 20, 2010 in state court.  Plaintiff alleges a 42 U.S.C. § 1983 claim and various state law claims.  Defendants filed their answer on May 11, 2010.  Defendants removed the action on May 13, 2010 based on federal question jurisdiction.

In the instant Motion, Defendants acknowledge that there has been no jury demand in this case, but they ask the Court to order a jury trial pursuant to Federal Rule of Civil Procedure 39(b).  Defendants argue that the parties have the right to a jury trial on the claims in this case under Haw. Rev. Stat. § 635-13 and Article I, Section 13 of the Hawai`i State Constitution.  They also emphasize their right to a jury trial under the United States Constitution.  Defendants assert that a majority of courts support granting a Rule 39(b) motion in the absence of prejudice to the opposing party.

Defendants argue that all of the relevant factors weigh in favor of granting the Motion.  Defendants assert that Plaintiff will not be prejudiced if the Court grants the Motion because the parties have conducted a minimal amount of discovery.  Defendants emphasize that courts have broad discretion in granting a Rule 39(b) motion.  They also assert that other Circuit Courts of Appeal have interpreted Rule 39(b) as requiring a court to grant a Rule 39(b) motion unless there are strong and

compelling reasons for denial. [Mem. in Supp. of Motion at 4-5 (citing Daniel Int'l Corp. v. Fischback & Moore, Inc., 916 F.2d 1061, 1064 (5th Cir. 1990); Littlefield v. Fort Dodge Messenger, 614 F.2d 581, 585 (8th Cir. 1980); Parrott v. Wilson, 707 F.2d 1262, 1267 (11th Cir. 1983) (some citations omitted)).] Defendants therefore urge the Court to grant them leave to demand a jury trial at this time.

## DISCUSSION

Fed. R. Civ. P. 38(b) states:

> On any issue triable of right by a jury, a party may demand a jury trial by:
> (1) serving the other parties with a written demand--which may be included in a pleading--no later than 14 days after the last pleading directed to the issue is served; and
> (2) filing the demand in accordance with Rule 5(d).

The failure to comply with these requirements waives the right to a jury trial. See Fed. R. Civ. P. 38(d).

Defendants seek relief from their waiver under Rule 39(b), which states that "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." On appeal, the Ninth Circuit reviews the denial of a Rule 39(b) motion for an abuse of discretion. See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1086 (9th Cir. 2002). The Ninth Circuit, however, has held that

> the district court's discretion under Rule 39(b) is narrow and does not permit a court to grant

>     relief when the failure to make a timely demand
>     results from an oversight or inadvertence such as
>     a good faith mistake of law with respect to the
>     deadline for demanding a jury trial.

Id. (quoting Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins. Ltd., 239 F.3d 1000, 1002-03 (9th Cir. 2001)).  For example, the plaintiff in Zivkovic argued that his failure to make a timely jury demand should be excused because he filed his complaint pro se and was not familiar with the requirements of Rule 38(b).  The Ninth Circuit held that this was not sufficient to warrant relief from the plaintiff's waiver of a jury trial.  See id. at 1087.

In the present case, Defendants have not offered any explanation why they failed to make a timely jury demand.  Defendants argue that the Court should consider the following criteria in deciding the Motion:

>     1.    Prejudice to the opposing party;
>     2.    Delay of trial or other disruption of
>     the proceedings;
>     3.    Whether granting the request will have a
>     negative impact on the trial court's calendar or
>     the administration of justice.

[Mem. in Supp. of Motion at 3 (citing Ruiz v. Rodriguez, 206 F.R.D. 501, 504 (E.D. Cal. 2002)).]  Defendants' reliance on Ruiz, and similar cases, is misplaced.

In Ruiz, the district court noted that other Circuit Courts of Appeal consider those factors in determining whether to grant Rule 39(b) relief.  See 206 F.R.D. at 504-05.  Before applying these factors, however, the court first determined

pursuant to Pacific Fisheries that the plaintiff's failure to comply with the requirements of Rule 38(b) were not the result of oversight or inadvertence.  See id.  The plaintiff's counsel timely filed a jury demand and submitted it for service on the defendants, but the process server failed to effect service.  The court also noted that nothing on the proofs of service would have alerted an attorney to the fact that the jury demand was not included in the packet of documents actually served on the defendants.  The court therefore ruled that the case was distinguishable from cases in which the failure to serve a timely jury demand was the result of counsel's oversight.  See id. at 505.  The court then stated "[h]aving determined that this is a case in which the court may exercise its discretion to grant a trial by jury, the court turns to the factors used by other Circuits to determine whether to grant relief under Rule 39(b) . . . ."  Id.

In the present case, the Court cannot consider the discretionary factors identified in Ruiz because the Court must first find, as required by Ninth Circuit law, that Defendants' failure to make a timely jury demand was not the result of oversight or inadvertence.  The Court cannot make such a finding based on the existing record.  This Court therefore cannot grant the Motion.

## CONCLUSION

On the basis of the foregoing, Defendants' Motion for Leave to Demand Jury Trial, filed on August 27, 2010, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 18, 2010.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**COLIN DEREK GARDNER V. SAMUEL AH LOO, ET AL; CIVIL NO. 10-00283 ACK-LEK; ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO DEMAND JURY TRIAL**